**WILLIAMS & SEEMEN, APLC.**
**ANTOINE D. WILLIAMS** (SBN: 255716)
**BART A. SEEMEN** (SBN: 261895)
16255 VENTURA BLVD. SUITE 1106
ENCINO, CALIFORNIA 91436
Phone: (818) 898-3300 | Fax: (818)574-3006

Attorneys for Plaintiff German Navarrete

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GERMAN NAVARRETE**, an individual,<br><br>　　　　　PLAINTIFF,<br><br>　　v.<br><br>**CITY OF GLENDALE**; a public entity; **ROBERT ACOSTA, PATRICIA GONZALEZ, GONZALO ZENDAJAS,** and **ALBERT NAZARYAN;** all individuals; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | CASE NO.:<br><br>　**COMPLAINT FOR DAMAGES**<br>1) **Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. § 1983)**<br>2) **Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**<br>3) **Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**<br>4) **Violation of Bane Act (Cal. Civil Code § 52.1)**<br>5) **Assault and Battery**<br>6) **Negligence**<br>7) **False Arrest/Imprisonment**<br>8) **Municipal Liability – Failure to Train (42 U.S.C. § 1983)**<br><br>　**DEMAND FOR JURY TRIAL** |

## <u>COMPLAINT FOR DAMAGES</u>

1.　　PLAINTIFF GERMAN NAVARRETE, an individual (hereinafter "NAVARRETE" or "PLAINTIFF") hereby brings this Complaint for Damages

1

against Defendants CITY OF GLENDALE (hereinafter "CITY"); ROBERT ACOSTA ("ACOSTA") an individual, PATRICIA GONZALEZ ("GONZALEZ") an individual, GONZALO ZENDAJAS ("ZENDAJAS") an individual, ALBERT NAZARYAN ("NAZARYAN) an individual and Does 1-10.

2.    Defendant CITY is a public entity that includes the Glendale Police Department (hereinafter "GPD"). This action seeks compensatory and punitive damages from individual Defendants including employees of GPD and Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN for violations of state law and fundamental rights under the United States Constitution in connection with the unlawful detention, arrest and use of excessive force against NAVARRETE on June 5, 2021 by Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10.

## **INTRODUCTION**

3.    This civil rights action seeks compensatory and punitive damages from DEFENDANTS for violating various rights under the United States Constitution and state law in connection with the brutal and savage beating of PLAINTIFF, German Navarrete.

## **PARTIES**

4.    PLAINTIFF GERMAN NAVARRETE is, and at all times mentioned herein, an individual who resides in Los Angeles County, California.

5.    At all relevant times, Defendant CITY OF GLENDALE is, and was, a duly organized public entity, form unknown, existing under the laws of the State of California that includes the Glendale Police Department (GPD).

6.    At all relevant times, CITY was the employer of Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10, who were CITY police officers, CITY police officers' supervisorial officers, and/or managerial, supervisorial, and policymaking employees of the CITY Police Department.

7.    On information and belief, ACOSTA, GONZALEZ, ZENDEJAS and

NAZARYAN and DOES 1-10 were residents of the County of Los Angeles, California.

8. ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10 are sued as employees, agents, representatives and/or servants of Defendant CITY and sued in their individual capacity for damages only.

9. At all relevant times, Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10 were duly authorized employees and agents of Defendant CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

10. Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10 were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY and the GPD as well as under the color of the statutes and regulations of the State of California, within the course and scope of their respective duties as law enforcement officers and with the complete authority and ratification of their principal, DEFENDANT CITY.

11. Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10, as duly sworn peace officers, were specifically authorized by Defendant CITY and to perform the duties and responsibilities of sworn officers and law enforcement officers of the GPD, and all acts hereinafter complained of were performed by each of them within the course and scope of their duties as employees of GPD and as law enforcement officers for Defendant CITY. DOES 1-10 are also sued herein in their individual capacity and in their official capacity as peace officers of the GPD. Said Defendant City condoned, acquiesced and/or ratified all of the acts and omissions complained of herein.

12. At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

13.     Defendant CITY is responsible for the actions, omissions, negligence, policies, procedures, practices, and customs of its various agents and agencies, including the GPD and its agents and employees such as Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN. At all relevant times, DEFENDANT CITY was responsible for assuring that it and its employees and agents complied with the laws and the Constitution of the United States and of the State of California.

14.     In doing all of the acts and omissions hereinafter described, Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10, as duly sworn peace officers, were acting on the implied and actual permission and consent of the Defendant CITY and acting under the color of law as GPD employees.

15.     The true names of Defendants DOES 1-10, inclusive, are unknown to PLAINTIFF, who therefore sues these defendants by such fictitious names. PLAINTIFF will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

## JURISDICTION AND VENUE

16.     This action is properly filed in the Central District Court of California and brought for the alleged deprivations of PLAINTIFF'S constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendment of the United States Constitution, and the California Constitution. Jurisdiction is founded on 28 U.S.C. §§1331, 1343, and 1367.

17.     Venue is proper in this Court under 28 U.S.C. §1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, California.

18.     PLAINTIFF herein timely and properly presented his government tort claims to Defendants CITY and ACOSTA, GONZALEZ, ZENDEJAS and

NAZARYAN on June 14, 2021 (within six months of the incident) pursuant to Cal. Gov. Code § 910 et seq. preserving PLAINTIFF'S state law claims against Defendants CITY, ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10.

19. The CITY acknowledged receipt of PLAINTIFF'S tort / government claim but initially declined to accept or reject the claim. The CITY finally rejected PLAINTIFF'S tort/government claims by Letter of Denial of Claim for Damages sent by mail on June 17, 2022. Therefore, this action is timely filed within six (6) months of said rejections and within all applicable statutes of limitations. This court has jurisdiction over the present matter because, as delineated within this complaint, the nature of the claims and amounts in controversy meet the requirements for jurisdiction in this court.

## **FACTUAL ALLEGATIONS**

20. PLAINTIFF repeats and re-alleges each and every allegation in all the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

21. On June 5, 2021 at approximately 6:00 – 7:00 p.m., PLAINTIFF, a minor at the time, entered the Dick's Sporting Goods store, located inside the Glendale Galleria at 200 W Broadway, Glendale CA 91210.

22. Glendale Police Department maintains a police substation at the Glendale Galleria and deploys uniformed and plain clothed officers throughout the mall. Officer GONZALEZ, a female officer, was working as a plain clothed officer and not visibly identifiable as law enforcement. Officers ACOSTA, ZENDEJAS and NAZARYAN, all male officers, were also assigned to the Glendale Galleria. One of the officers was in uniform, the other two were plain clothed and not visibly identifiable as law enforcement officers.

23. Shortly after PLAINTIFF entered Dick's Sporting Goods,

GONZALEZ and two of the plain clothed officers entered behind him. Officer GONZALEZ and the two plain clothed officers approached PLAINTIFF from behind, without announcing their presence or identity.

24.    Without warning, GONZALEZ and one of the plain clothed officers grabbed PLAINTIFF from behind and quickly wrestled PLAINTIFF face first to the ground.  The officers turned PLAINTIFF over and GONZALEZ strategically placed her weight on PLAINTIFF'S legs, pinning him to the ground.

25.    While on the ground, the two plain clothed officers immediately began punching PLAINTIFF repeatedly in his head and face area, while PLAINTIFF'S face and head absorbed each violent blows.



COMPLAINT

26.    GONZALEZ continued to pin PLAINTIFF'S legs to the ground, allowing the two plain clothed officers to continue their flurry of punches.

27.    While PLAINTIFF lay on the ground, face up, with GONZALEZ pinning down his legs, one of the plain clothed officers positioned himself at PLAINTIFF'S mid-section where he repeatedly punched PLAINTIFF in his head and face. The other plain clothed officer positioned himself just near PLAINTIFF'S head, also repeatedly punching PLAINTIFF in his head and face. After approximately 15-20 blows were delivered to PLAINTIFF'S face and head, the uniformed Glendale Police Officer, ran up to the attack, placed his hand on one of the plain clothed officers shoulder to gather himself, found a slight opening, drew his back his left foot and with extreme force kicked PLAINTIFF in his face and head.



28.    The uniformed officer then kneeled down near PLAINTIFF'S head and placed his hands at PLAINTIFF'S upper chest and neck area, while the plain clothed officer who was initially positioned near PLAINTIFF'S head, repositioned himself nearer to PLAINTIFF'S midsection and dropped his right knee down onto PLAINTIFF'S stomach chest area. PLAINTFF gasped, "I can't breathe… I can't breathe" multiple times.



29.   At the time ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN used force on PLAINTIFFF, he was unarmed.

30.   At the time ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN used force on PLAINTIFF, he posed no immediate threat of danger to any of the officers or the public at large.

31.   None of the officers who contacted PLAINTIFF identified themselves as law enforcement.

32.   As a result of ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN's conduct, PLAINTIFF sustained severe physical, mental and emotional injuries which caused PLAINTIFF to incur medical and other expenses.

## FIRST CAUSE OF ACTION

**(Unreasonable Search and Seizure – Unreasonable Detention and Arrest)**

**(42 U.S.C. § 1983)**

**(Against Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and Does 1-10)**

33.   PLAINTIFF repeats and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

34.   PLAINTIFF repeats and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

35.   Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10 caused PLAINTIFF to be detained and arrested in violation of his rights to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the laws of the State of California, and under the Constitution of the United States.

36.   Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10 violated PLAINTIFF's Fourth Amendment right to be free from

unreasonable detention, seizure and arrest when they detained and arrested PLAINTIFF without any justification or probable cause on June 5, 2021.

37.     On June 5, 2021, Defendants, including ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10, acting in their individual and/or representative capacity and in the course and scope of their employment with Defendant CITY, acting under color of law, with the absence of probable cause, violated the Constitutional Rights of PLAINTIFF by seizing his person and arresting him. Defendants' actions were objectively unreasonable and therefore in violation of 42 U.S.C. Section 1983.

38.     As a direct and proximate result of the actions of Defendants, in unlawfully detaining and arresting PLAINTIFF, they caused PLAINTIFF to sustain losses, physical and emotional injuries and damages in an amount according to proof at the time of trial.

39.     As a direct and proximate result of the actions of Defendants, they caused PLAINTIFF to suffer extreme emotional distress, worry, anxiety, suffering and other damages in an amount according to proof at the time of trial.

40.     The conduct of the individual Defendants, including Defendant OFFICERS NAME, including DOES 1-10, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants, including Defendants OFFICERS NAME and DOES 1-10.

41.     PLAINTIFF is entitled to and pray for an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 in an amount according to proof.

///

///

///

COMPLAINT

## SECOND CAUSE OF ACTION

**(Unreasonable Search and Seizure – Excessive Force)**

**(42 U.S.C. § 1983)**

**(Against Defendants ACOSTA, GONZALEZ, ZENDEJAS and**

**NAZARYAN and Does 1-10)**

42.     PLAINTIFF repeats and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

43.     PLAINTIFF was unjustifiably detained and subjected to the excessive use of force by Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10. Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN violently wrestled PLAINTIFF to the ground, pinned him down while alternating closed fist punches to PLAINTIFF'S head and face, kicking him in the face/head, and obstructing his ability to breathe, all while PLAINTIFF posed no threat to Defendant OFFICERS NAME or any of the other officers at the location.

44.     The foundation of the Fourth Amendment is reasonableness. The excessive force used by Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10, was fundamentally unreasonable and in violation of PLAINTIFF'S Fourth Amendment right to be secure in his person against an unreasonable searches and seizures and the use of excessive force.

45.     As a direct and proximate result of the actions of Defendants, including GPD, including Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10, in using unreasonable and excessive force on PLAINTIFF, they caused PLAINTIFF physical and emotional injury. As a direct and proximate result of said tortious acts, and omissions or conduct of the Defendants, and each of them, PLAINTIFF sustained losses, physical and emotional injuries and damages in an amount according to proof at the time of trial.

COMPLAINT

46. The conduct of the individual Defendants, including Defendant ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN, including DOES 1-10, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants, including Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10.

47. PLAINTIFF is entitled to and pray for an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 in an amount according to proof.

COMPLAINT

**THIRD CAUSE OF ACTION**

**(Municipal Liability)**

**(42 U.S.C. § 1983)**

**(Against Defendant City of Glendale)**

48.     PLAINTIFF repeats and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

49.     Defendants including GPD Deputies, Sergeants or employees of Defendant CITY, including Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10, inclusive acted under color of law.

50.     The acts of the individual Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10 deprived PLAINTIFF of his particular rights under the United States Constitution.

51.     Upon information and belief, a final policymaker, within Defendants DOES 1-10, acting under color of law, who had final policymaking authority concerning the acts of the individual Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10 and ratified the acts of Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10 the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of the individual Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10's acts. Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10 knew they could freely detain without probable cause and use unreasonable force whenever they wanted and the CITY would always find the force to be reasonable no matter how egregious and unwarranted. The fact that Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10 knew that CITY would always find whatever force used to be reasonable and would ratify it no matter how egregious

and that Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10 would suffer no employment or other consequences from using unreasonable force was the moving force in Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10 using unreasonable force on June 5, 2021.

52.     Upon information and belief, a final policymaker within Defendants CITY has determined (or will determine) that the acts of the individual Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10 were "within policy" in their actions on June 5, 2021.

53.     Defendants CITY and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF and other individuals similarly situated.

54.     By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 1-10 acted with intentional, reckless, and callous disregard for the Constitutional rights of PLAINTIFF. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 1-10 were affirmatively linked to and were a significantly influential force behind the injuries of PLAINTIFF.

55.     By reason of the aforementioned acts and omissions, PLAINTIFF suffered physical injury as well as extreme emotional distress, worry, anxiety, suffering and other damages in an amount according to proof at the time of trial.

56.     PLAINTIFF is entitled to and pray for an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 in an amount according to proof.

**FOURTH CAUSE OF ACTION**

**(Violation of Plaintiff's Civil Rights Under California State Law)**

**(Violation of Civil Code §§ 51 et. seq. and 52)**

**(Against all Defendants)**

57.    PLAINTIFF repeats and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

58.    The conduct of defendants deprived PLAINTIFF of his rights under California Constitution Article 1, Section 7, rights not to be deprived of life, liberty or property without due process of law, and the right to equal protection under the law under California Civil Code Sections 51 et. seq. and Section 52 et. seq.

59.    The unlawful detention, arrest and unreasonable use of force violated PLAINTIFF'S constitutional rights against unreasonable searches and seizures protected by the Constitution of the State of California. The use of force against PLAINTIFF was unreasonable and unwarranted as the circumstances under which occurred did not require the use of any force whatsoever.

60.    Additionally, this action is brought pursuant to §§ 51 et. seq. and 52.1 of the California Civil Code. The present action is also brought pursuant to section 820 and 815.2 of the Government Code. Pursuant to section 820 of the California Government Code, as a public employee, Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10, inclusive, are liable for injuries caused by their acts or omissions to the same extent as a private person.

61.    Pursuant to Cal. Govt. Code §815.2, Defendant CITY is hereby liable for the acts, omissions, and conduct of its employees Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and Does 1-10 whose tortious conduct was a cause in the damages and injuries to Plaintiff.

62.    Defendants acting within the scope of their duties as Glendale Police

officers wrongfully caused Plaintiff to be detained, subjected to excessive force, arrested and put in jail in violation of Civil Code §§ 51 et. seq. and 52.1.

63.    PLAINTIFF was subjected to an unlawful detention, unlawful arrest and use of excessive force by Defendants including GPD Deputies, Sergeants or employees of Defendant CITY, including Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10, inclusive, which caused him physical and emotional injuries.

64.    Defendants conspired to and in fact did deprive Plaintiff of his right to equal protection of the laws and equal privileges and immunities under the laws because of his race.

65.    At all times mentioned herein, Defendants including GPD Deputies, Sergeants or employees of Defendant CITY, including Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10, inclusive, were acting within the course and scope of their employment and/or agency with Defendant CITY. As such Defendant CITY is liable in respondent superior for the injuries caused by the acts and omissions of Defendants including GPD Deputies, Sergeants or employees of CITY, including Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10, inclusive, pursuant to section 815.2 of the California Government Code.

66.    As such, PLAINTIFF is entitled to compensatory damages in an amount according to proof, including those permitted by Section 52 of the Civil Code, punitive and exemplary damages against the individual Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10 and the costs of suit incurred in this action, reasonable attorney's fees as permitted by the Civil Code section 51.7 and 52, and any other additional relief that the Court deems proper.

///

///

COMPLAINT

## FIFTH CAUSE OF ACTION

### (Assault and Battery)

### (Against All Defendants)

67.    PLAINTIFF repeats and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

68.    Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10, inclusive, while working as GPD Police Officers, employees, for CITY, and acting within the course and scope of their duties, intentionally caused physical harm to PLAINTIFF without his consent through the use of excessive force by physically grabbing PLAINTIFF, slamming him to the ground and pinning him down while punching and kicking him in the face and head.

69.    Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10, inclusive, while working as GPD Police Officers, employees for CITY, and acting within the course and scope of their duties, had no legal justification for using force against PLAINTIFF and the use of force was outrageous, excessive and unreasonable.

70.    At all times herein mentioned, law enforcement officers in California were only allowed to use necessary force reasonable force to effect an arrest, prevent escape or overcome resistance. Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10, inclusive, committed an unconsented touching of PLAINTIFF and battered him when they used outrageous, unreasonable and excessive force in the process of unlawfully arresting and detaining him.

71.    On June 5, 2021, Defendants including Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10, acting in the course and scope of their employment with Defendant CITY, intentionally acted in a matter which was outrageous and placed PLAINTIFF in apprehension of an immediate touching when he was encountered by Defendants ACOSTA, GONZALEZ,

ZENDEJAS and NAZARYAN and DOES 1-10 in a threatening and violent manner when he presented no threat at all.

72.    Defendant CITY is vicariously liable for the wrongful acts of Defendants including GPD Police Officers, employees, for CITY and DOES 1-10, inclusive, pursuant to section 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

73.    As a direct and proximate result of the actions of Defendants, they caused PLAINTIFF to suffer physical injury and extreme emotional distress, worry, anxiety, suffering and other damages in an amount according to proof at the time of trial.

74.    The conduct of the individual Defendants, ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants, including Defendant ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and Does 1-10.

## SIXTH CAUSE OF ACTION

### (Negligence)

### (Against All Defendants)

75.    PLAINTIFF repeats and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

76.    The actions and inactions of GPD Officers or employees of CITY, Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10, inclusive, were negligent and reckless.

77.     The CITY and GPD have a history of unlawful detentions and use of excessive force by their officers, the CITY, has failed to train, supervise, control, discipline or terminate those who engage in such unlawful acts.

78.     The CITY and GPD, their supervisors, and other officers negligently hire, train, and retain officers without the proper training in the justifications for detention, or provide refresher courses, training and teaching.

79.     The CITY and GPD, their supervisors and other officers notwithstanding numerous civil complaints about unlawful detentions and use of excessive force to fully incorporate the necessary training, teaching, subject matter and course training necessary to reduce the number of illegal detentions.

80.     The illegal detention and use of excessive force of PLAINTIFF is the direct results of the complicit policies and practice of the CITY and GPD, their supervisors and other officers that sanction, authorize, and ratify the conduct of employees such as Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10, which has created and maintained a custom and practice of allowing unbridled intentional activities by employees, agents and others to oppress, harass and arrest citizens, specifically PLAINTIFF with little or no discipline, corrective action or consequences.

81.     Defendants and each of them, owe a duty of care to the general public, and especially PLAINTIFF to not be subjected to an illegally arrest or detention. Upon engaging in the aforementioned acts, actions and omissions, Defendants breached their duty to PLAINTIFF.

82.     Defendant CITY is vicariously liable for the wrongful acts of Defendants including GPD Officers or employees of CITY, including Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10, inclusive, pursuant to section 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to

liability.

83. As a direct and proximate result of the actions of Defendants, they caused PLAINTIFF to suffer physical injury and extreme emotional distress, worry, anxiety, suffering and other damages in an amount according to proof at the time of trial.

84. The conduct of the individual Defendants, including Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and Does 1-10, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants, including Defendant Does 1-10.

## SEVENTH CAUSE OF ACTION
### (False Arrest - False Imprisonment)
### (Against All Defendants)

85. PLAINTIFF repeats and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

86. PLAINTIFF alleges that Defendant ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10 beat him, held him against his will, detained him, handcuffed him, arrested him and took him into custody absent any reasonable suspicious and/or probable cause.

87. PLAINTIFF had a liberty interest created by California Penal Code Section 853.6 to be cited and released for a misdemeanor violation absent specific information and individualized suspicious that he would immediately repeat the allegedly unlawful conduct if promptly released and not subjected to a prolonged detention.

88. PLAINTIFF was denied his mandatory liberty interest under Penal Code Section 853.6 when he was brutally beaten, detained, handcuffed, arrested, and

taken into custody where he was detained for a prolonged period.

89.     PLAINTIFF was falsely arrested upon suspicion of committing the misdemeanor crime of "petty theft." Even if assuming, *arguendo*, that PLAINTIFF committed a misdemeanor offense there was no justification or explanation for why PLAINTIFF needed to be detained and taken into custody as opposed to being cited and released as required by California Penal Code Section 853.6.

90.     Defendant DOES 1-10 are liable for false arrest or false imprisonment under California law. Government Code section 820.4 provides: "A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law.  Nothing in this section exonerates a public employee from liability for false arrest or false imprisonment."

91.     Defendant CITY is vicariously liable for the wrongful acts of Defendants including GPD Officers or employees of CITY, including Defendants DOES 1-10, inclusive, pursuant to section 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

92.     As a direct and proximate result of the actions of Defendants, they caused PLAINTIFF to suffer physical injury and extreme emotional distress, worry, anxiety, suffering and other damages in an amount according to proof at the time of trial.

93.     The conduct of the individual Defendants, including Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and Does 1-10, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants, including Defendant Does 1-10.

COMPLAINT

## EIGHTH CAUSE OF ACTION

### (Municipal Liability – Failure to Train (42 U.S.C. § 1983)

### (Against All Defendants)

94.     PLAINTIFF repeats and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

95.     While under the color of state law and within the course and scope of their employment as police officers for the CITY, Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN's beating of PLAINTIFF, who was unarmed at the time, deprived PLAINTIFF of his rights and liberties as provided for in the Fourth and Fourteenth Amendments, including his right to be free from unreasonable search and seizure.

96.     CITY's training policies were not adequate to train its officers, including but not limited to Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN, with regards to use of force and de-escalation tactics. As a result, Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN were incapable of handling routine and recurring encounters with suspects of non-violent misdemeanors, such as petty theft. These inadequate training policies existed prior to June 5, 2021, and continue.

97.     Defendant CITY was willfully and deliberately indifferent to the known or obvious consequences of its failure to train its police officers, including Defendant ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN, adequately with regards to use of force and de-escalation tactics. This inadequate training includes failure to give verbal warnings or commands prior to use of force and failure to announce their presence and/or identity as law enforcement when engaging a suspect, especially when the officers are in plain clothes.

98.     CITY was aware that failure to implement training regarding their officers' use of force when dealing with petty theft suspects would result in

continuing to have numerous unreasonable use of force instances.

99.   Defendant CITY's failure to train is a substantial factor and closely related to PLAINTIFF's harm. As a direct and proximate result of CITY's failure to train Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10, caused PLAINTIFF to suffer physical injury and extreme emotional distress, worry, anxiety, suffering and other damages in an amount according to proof at the time of trial.

100.   In failing to provide adequate training, CITY's police officers, including Defendants ACOSTA, GONZALEZ, ZENDEJAS and NAZARYAN and DOES 1-10's actions were willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrant the imposition of exemplary and punitive damages as to the individual Defendants, including Defendant DOES 1-10.

## **PRAYER**

WHEREFORE, PLAINTIFF prays for judgment against Defendants as follows:

1. For general, compensatory, special and consequential damages in an amount according to proof;

2. For punitive damages against the individual defendants in an amount to be proven at trial;

3. For reasonable costs of this suit and attorneys' fees, including pursuant to 42 U.S.C. §1988;

4. For reasonable costs of this suit and attorneys' fees, including pursuant to the Tom Bane Act - California Civil Code Sections 51 and 52 and other state statutes;

5. For all other damages allowed under federal and state law;

6. For costs of suit incurrec herein;

COMPLAINT

1    7.  For pre-judgement and post-judgement interest according to proof; and

2    8.  For such other and further relief as the Court may deem just and necessary.

3

4   DATED:  June 27, 2022

5

6

7                         **WILLIAMS AND SEEMEN,**
                        **A PROFESSIONAL CORPORATION**

8

9

10                         By:   ANTOINE D. WILLIAMS, ESQ.
                        ***Attorneys for PLAINTIFF,***

11                         German Navarrete

12

13

14                         **WILLIAMS AND SEEMEN,**
                        **A PROFESSIONAL CORPORATION**

15

16                         /s/ Bart A. Seemen

17                         By:   BART A. SEEMEN, ESQ.

18                         ***Attorneys for PLAINTIFF,***

19                         German Navarrete

20

21

22

23

24

25

26

27

28

COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2      PLAINTIFF hereby demands trial by jury on all issues so triable in the Complaint.

3

4    DATED: June 27, 2022

5

6                                          **WILLIAMS AND SEEMEN,**
                                           **A PROFESSIONAL CORPORATION**
7

8

9                                          By:    ANTOINE D. WILLIAMS, ESQ.
10                                                *Attorneys for PLAINTIFF,*
                                                  German Navarrete
11

12

13

14                                         **WILLIAMS AND SEEMEN,**
                                           **A PROFESSIONAL CORPORATION**
15

16                                                  /s/ Bart A. Seemen

17                                         By:    BART A. SEEMEN, ESQ.
                                                  *Attorneys for PLAINTIFF,*
18                                                 German Navarrete

19

20

21

22

23

24

25

26

27

28

COMPLAINT